NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE JOHNSON, | : |
| Plaintiff, | : **Hon. Dennis M. Cavanaugh** |
| v. | : **OPINION** |
| RITE AID, ABC CORP. 1-3 (Name being fictitious), and JOHN DOE 1-3 (Name being fictitious), | : Civ. No. 10-2012 (DMC) (JAD) |
| Defendants. | : |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Defendant Rite Aid Drug Palace, Inc. ("Rite Aid")[1] to dismiss the Complaint on the basis of lack of subject matter jurisdiction and insufficient service of process and to dismiss or transfer this action for improper venue. No oral argument was heard pursuant to Rule 78. For the reasons stated below, Allen's motion is denied and Plaintiffs' cross-motion to transfer is granted.

I. BACKGROUND[2]

Plaintiff, a resident of New Jersey, suffered a slip and fall accident in a Rite Aid store in lower Manhattan on May 23, 2009. She instituted this diversity action on April 21, 2010 to recover damages for her injuries. The Complaint states that Rite Aid is "located at 408 Grand Street, New

---

[1] Defendant also refers to itself as "Rite Aid of New York, Inc." in its opening brief. Def.'s Br. 2.

[2] The facts in the Background section have been taken from the parties' submissions.

York," which is the address of the store where Plaintiff fell. Plaintiff served Rite Aid on July 7, 2010 by effectuating service on Tonya Brunson, a shift supervisor at the Manhattan store. In addition to naming Rite Aid as a Defendant, Plaintiff also sues ABC Corps. 1-3, "fictitious names which represent the unknown owners [] in possession, operation, control of certain premises and responsible for the condition, maintenance and upkeep of the property in question," and John Doe 1-3, "fictitious names which represent unknown agents, employees, contractors, and/or subsidiary responsible for the condition, maintenance, and upkeep of the property in question." Compl. Third Count, ¶ 2; Fourth Count, ¶ 2.

## II. DISCUSSION

A. Subject Matter Jurisdiction

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase "principal place of business," which will "typically be found at a corporation's headquarters," has been interpreted by the Supreme Court to mean "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," The Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186 (2010).

Rite Aid argues that it is a citizen of New Jersey because it has one store in this state. The Court disagrees. Rite Aid has not offered any information regarding where its corporate headquarters are located. However, in an affidavit prepared by its Vice President of Tax, Rite Aid represents that it was incorporated in Delaware and operates "certain pharmacies within New York State . . . [and] one pharmacy within the State of New Jersey." Gleason Decl., Ex. C ¶¶ 1, 5,

6, 7. Because Rite Aid concedes that it does "only minimal business in the State of New Jersey," the Court finds that Rite Aid is not a citizen of New Jersey for the purposes of diversity jurisdiction. Def.'s Br. 11. Accordingly, as Plaintiff and Rite Aid are citizens of different States, the requirements in § 1332 have been satisfied.

The citizenship of Rite Aid does not end the Court's jurisdictional inquiry as the Court must next determine whether the joinder of fictitious parties defeats diversity jurisdiction. Plaintiff does not list the citizenship of the fictitious Defendants in the Complaint, presumably because she does not yet know the identity of those Defendants. Nonetheless, the Court finds that Plaintiff has met the burden of persuasion for establishing diversity jurisdiction. While the Third Circuit has not addressed the issue of fictitious defendants in the original diversity jurisdiction context, several courts have held that the presence of such defendants "neither creates a presumption that diversity is destroyed, nor requires Doe defendants to be named, abandoned, or dismissed in order for a diversity-based claim to be brought in federal court under § 1332." Merrill Lynch Bus. Fin. Servs., Inc. v. Heritage Packaging Corp., No. CV-06-3951, 2007 WL 2815741, at *3 (E.D.N.Y. Sept. 25, 2007) (quoting Weber, Co., Inc. v. Kosack, No. 96-CV-9581, 1997 WL 666246, at *2 (S.D.N.Y. Oct. 24, 1997) (internal quotation marks omitted)); see Doe v. Ciolli, 611 F. Supp. 2d. 216, 220 (D. Conn. 2009) ("'[T]he mere inclusion of John Doe defendants does not destroy complete diversity' until 'it is later found that one or more of the unknown defendants is domiciled such that there is not complete diversity.'" (quoting Merrill Lynch, 2007 WL 2815741, at *3)); Macheras v. Ctr. Art Galleries-Hawaii, Inc., 776 F. Supp. 1436, 1440 (D. Haw. 1991); see also Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, (3d Cir. 1985) ("In determining whether diversity jurisdiction exists, the citizenship of purely

'nominal' parties may be disregarded."). Accordingly, the Court finds that merely including the fictitious Defendants will not defeat diversity jurisdiction at this time. Plaintiff should be aware, however, that she "runs of the risk of having the case dismissed entirely should an indispensable party, who is not diverse, later surface." Macheras, 776 F. Supp. at 1440.

B. Transfer of Venue

The venue statute provides that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the venue occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. 1391(a). A corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. 1391(c). Despite seeking to dismiss this action for improper venue, Rite Aid concedes that it would be considered to reside in New Jersey for the purposes of venue. Def.'s Br. 5. Therefore, venue is proper in New Jersey. Venue is also proper in the Southern District of New York because the incident giving rise to this action occurred in that district.

In the alternative, Rite Aid seeks to transfer this action to the Southern District of New York because "all of the operative events[] occurred in New York," "each and every witness, along with all records, potential surveillance equipment, and notice information would be located in New York," and "New York has the greatest interest in this litigation and New York law should be applied." Def.'s Br. 12-13. In response, Plaintiff argues that "[t]here is no inconvenience to

the parties in the matter as the distance to the New Jersey Federal District Court is not prohibitive to either party." Pl.'s Br. 10. Plaintiff also notes that there is no inconvenience to witnesses because Manhattan is "only a short distance away" and that "travel would be inexpensive." Pl.'s Br. 11.

Given that venue is proper in this district, transfer is governed by 28 U.S.C. § 1404(a). Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995) ("Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper."). That statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In addition to the factors enumerated in the statute, the Third Circuit has established a list of public and private interests that should also be considered when deciding whether to transfer an action:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara, 55 F.3d at 879-80. Though deference is usually accorded to a plaintiff's choice of forum, that choice may be given less weight where the operative facts of a lawsuit occurred outside the

forum.  See American Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990); Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, 847 F. Supp. 1244, 1246 (D.N.J. 1994).

1. The Private Interests

Plaintiff's preferred forum is New Jersey.  Such preference would ordinarily weigh strongly against transfer to New York, but New Jersey does not have any connection to the operative facts of this lawsuit since Plaintiff alleges that she was injured while slipping and falling in New York.  Plaintiff's choice of forum is therefore given less deference.  Defendant's choice of forum is where the claim arose.  Moreover, Plaintiff concedes that New York is not an inconvenient forum because of its short distance to New Jersey and the ability to travel with little expense.  These factors favor transfer.  Neither party has stated that witnesses or records would be unavailable in one of the fora, so both of these factors are neutral.  On balance, the Court finds that the private interests weigh in favor of transfer to the Southern District of New York.

2. The Public Interests

There is no concern regarding the enforceability of a judgment in this action in either New York or New Jersey.  The applicable law will likely be New York law, which New York judges would presumably be more familiar with.  Moreover, given that this incident implicates the safety of one of its business establishments, New York has a local interest in having this controversy decided in New York.  The practical considerations that could make the trial easy, expeditious or inexpensive do not weigh in favor of either fora given the close proximity of the two districts.  Concerns over court congestion also do not play a role here.  Accordingly, the public interests

weigh in favor of transferring this action to the Southern District of New York.

### III.  CONCLUSION

For the reasons stated, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied and Defendant's motion to transfer this action to the Southern District of New York is granted.[3]

S/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Date:        June   28  , 2011

Orig.:        Clerk
cc:            All Counsel of Record
                Hon. Joseph A. Dickson, U.S.M.J.
                File

---

[3] As the Court is exercising its discretion to transfer this action, it makes no determination regarding whether Rite Aid was properly served with process.